UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAN JORGENS and
JOHN EIBENSTEINER,,

    Plaintiffs,

    v.

P & V, INC., and PATRICK VARGASON,

    Defendants.
_____/

NO. CIV. S-06-2932 LKK/DAD

O R D E R

    This case involves a motor vehicle accident that occurred in Idaho.  Pending before the court is defendants' motion to dismiss for improper venue, or, in the alternative, to transfer for improper venue or convenience.  The court resolves the matter based on the papers and without oral argument.  For the reasons set forth below, the court grants the motion to transfer.

## I. Background

    This is a diversity action arising out of a motor vehicle collision that occurred in the state of Idaho on December 29, 2004.  Compl. ¶ 6-8.  The collision involved plaintiffs Jan Jorgens and John Eibensteiner, who reside in California, and defendant Patrick

Vargason, who resides in Idaho. Id. ¶ 3, 4. Plaintiffs allege that defendant Vargason was operating the vehicle in the course and scope of his employment with defendant P&V, Inc. ("P&V"), which is alleged to have its principal place of business in Idaho. Id. ¶ 5, 8.

The complaint alleges that venue is proper in this district because "all the defendants are subject to personal jurisdiction of this district as defendants are inter-state long haul truckers with 'minimum contacts' within this district and this [d]istrict is the 'most convenient forum' as Plaintiffs' doctors are all located within this district." Compl. ¶ 2.

## II. Standard

**A. Motion to Dismiss for Improper Venue**

In civil actions where jurisdiction is found solely on diversity of citizenship, venue is governed by 28 U.S.C. § 1391(a). This statutory provision provides in relevant part:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
> (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
> (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Furthermore, a corporation is "deemed to reside in any judicial

district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. 1391(c).

**B. Motion to Transfer for Improper Venue or Convenience**

If venue is improper in this district, then the court may transfer the case to any district or division in which it could have been brought if it is in the interests of justice. 28 U.S.C. § 1406(a). Similarly, for the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought if it is in the interests of justice. 28 U.S.C. § 1404(a). However, defendant must make a strong showing of inconvenience to warrant upsetting plaintiff's choice of forum. <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).

### III. Analysis

**A. Venue is Improper in this District**

Venue is clearly improper in this district. Section 1391(a) sets forth three bases for venue in diversity actions. 42 U.S.C. § 1391(a). First, plaintiffs contend that venue in this district is proper under the first basis, i.e., "a judicial district where any defendant resides, if all defendants reside in the same State." 42 U.S.C. § 1391(a)(1). It is undisputed that both defendants share the common residence of Idaho. Plaintiffs further argue that defendant P&V also resides in California, because a corporation resides in any district where it is subject to personal jurisdiction, and defendant P&V has sufficient minimum contacts with California. Plaintiffs then read Section 1391(a)(1) as

3

allowing suit to be brought in any district in which one of the defendants reside (e.g., California), so long as all defendants live in the same state (e.g., Idaho).

Even assuming, arguendo, that defendant P&V had sufficient minimum contacts with California, venue would be improper in any district in this state. Plaintiffs have read the venue statute too literally. It is true that nothing in the Section 1391(a)(1) states that the district in which any defendant resides must be the same state in which all defendants reside. But "[t]he whole point of § 1391(a)(1) would, in fact, be utterly thwarted if it could be transformed from a statute providing that defendants could be sued in judicial districts reasonably near their homes to a statute permitting a clever plaintiff's counsel to drag defendants clear across the country when they have the misfortune to have a corporation as a codefendant." Jonathan Siegel, What Statutory Drafting Errors Can Teach Us About Statutory Interpretation, 69 Geo. Wash. L. Rev. 309, 318 (2001). See also Ariz. State Bd. for Charter Sch. v. U.S. Dep't of Educ., 464 F.3d 1003, 1008 (9th Cir. 2006) (cautioning against statutory interpretations that would produce absurd results).

Other courts also have rejected the interpretation of the venue statute that plaintiffs now propose. See Dashman v. Peter Letterese & Assocs., 999 F. Supp. 553, 555 (S.D.N.Y. 1998) ("Section 1391(a)(1) cannot be read, however, to mean that as long as all defendants reside in the same state, venue is proper in a district in some other state where any corporate defendant happens

4

to be subject to personal jurisdiction. The language of § 1391(a)(1) contemplates venue in a judicial district within the state in which all defendants reside.").

Second, the accident that gave rise to the present cause of action occurred in Idaho, and the District of Idaho is therefore the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" under Section 1391(a)(2). Contrary to plaintiffs' assertions, the fact that plaintiffs were treated in California does not make venue in this district proper. See Wisland v. Admiral Beverage Corp., 119 F.3d 733, 736 (8th Cir. 1997) (rejecting argument that medical treatment creates venue under Section 1391(a)(2) and holding that "the events giving rise to [plaintiff's] action involve the alleged negligence of the defendants in South Dakota, not the nature of [plaintiff's] medical treatment in Wisconsin"); Smith v. Fortenberry, 903 F. Supp. 1018, 1020 (E.D. La. 1995).

Third, if there was not a district in which the action could otherwise be brought, any district where a defendant is subject to personal jurisdiction would be proper under Section 1391(a)(3). However, because the action clearly could be brought in the District of Idaho, because the defendants reside there (satisfying Section 1391(a)(1)), and the events giving rise to the cause of action occurred in Idaho (satisfying Section 1391(a)(2)), this subsection does not apply. Accordingly, venue is improper in this district.

////

**B.   Venue is Proper in the District of Idaho**

Under 28 U.S.C. § 1406(a), when an action is filed in the wrong district, the district court may dismiss the action, or, in the interests of justice, may use its discretion to transfer a civil action to any other district where it might have been properly brought. Because dismissal of an action that could be brought elsewhere is "time consuming and justice-defeating," the normal course is to transfer in the interest of justice rather than to dismiss. Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).

Because all defendants reside in the state of Idaho, and because Idaho is where the events giving rise to the claim occurred, the court finds that the Eastern District of California is an improper venue and that the U.S. District of Idaho is the proper one.

### IV. Conclusion

Defendants' motion to dismiss for improper venue is DENIED. Defendants' motion to transfer to the U.S. District Court for the District of Idaho is GRANTED.

This action is hereby transferred to the U.S. District Court for the District of Idaho.

IT IS SO ORDERED.

DATED: March 15, 2007

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT